OPINION
This case arises from events which occurred in the early morning hours of October 25, 1996. At approximately 2:30 that morning Kristen Short, Heather Hill, and Eric Christen were outside Hill's Bowling Green apartment when an automobile containing several young men drove into the parking lot. The three later testified that they saw three blacks, an Hispanic and a Caucasian emerge from the car. Following some words, two of the black males began assaulting Christen. Hill ran inside to call the police. When she came out, she saw the Caucasian member of the group punch Kristen Short in the stomach and then knee her head as she doubled over. The assailant took Short's purse; he and the others then fled into another building in the apartment complex.
Bowling Green police arrived within minutes of receiving Hill's call. Short and Hill described Short's assailant to police and agreed to accompany them as they went to the apartment building where the men had gone. As they approached the building, several young men, including appellant, Matthew W. Wright, exited the building. Hill and Short immediately identified appellant as the man who struck Short and took her purse. Appellant was arrested and later indicted for a violation of R.C. 2911.02, robbery. The matter proceeded to a jury trial at which Christen, Hill, and Short identified appellant as the man who robbed Short.
In his defense, appellant presented testimony from several of his October 25 companions; these individuals testified that part of their group arrived in a second vehicle in which there was another male Caucasian. According to these witnesses, it was this second Caucasian who was, in all likelihood, the real perpetrator of the robbery. All of these witnesses testified that appellant could not have committed the crime because of his nonviolent disposition and because he had been in their sight when the assault and robbery occurred.
The matter was submitted to the jury which found appellant guilty as charged. The trial court entered judgment on the verdict and sentenced appellant to three years imprisonment.
Appellant now appeals, asserting that the verdict was against the manifest weight of the evidence and that he was denied the effective assistance of counsel because his trial lawyer failed to move to suppress the results of the "line up" at which appellant was initially identified.
Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte
transfer this matter to our accelerated docket and hereby render our decision.
 I
Appellant asserts his conviction was against the manifest weight of the evidence.
 "* * * Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered * * *. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' * * * When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony. (`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.')." State v. Thompkins (1997), 78 Ohio St.3d 380. 387 (Citations omitted).
We have carefully examined the entire trial record and fail to find any indication that the jury lost its way. This case rises or falls strictly on the jury's assessment of the credibility of the witnesses. In such matters, the trier of fact is to be awarded great deference. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Accordingly, appellant's first assignment of error is found not well-taken.
 II
In order to reverse a criminal conviction on the ground of ineffective assistance of counsel, an appellant must demonstrate 1) that trial counsel made errors so grievous that he or she was not "counsel" as guaranteed by the Sixth Amendment, and 2) appellant was prejudiced by such deficient performance.Strickland v. Washington (1984), 466 U.S. 668, 687; accord, Statev. Smith (1985), 17 Ohio St.3d 98, 100.
Appellant argues that his trial counsel erred in failing to move to suppress evidence of the "line-up" at which appellant was initially identified. The "line-up" to which appellant refers is when the complainant and police encountered appellant and several others emerging from the adjoining apartment building, minutes after the assault and robbery. Since appellant was the only Caucasian in this group, he insists he was misidentified.
In certain instances where there are "suggestive" line-ups or show-ups, suppression of the result may be had when there is, "* * * a very substantial likelihood of irreparable misidentification." Simmons v. United States (1968),390 U.S. 377, 384. However, such exclusion is rare. See Stovall v. Denno
(1967), 388 U.S. 293. Moreover, the purpose of such exclusion is to, "* * * deter police from using a less reliable procedure where a more reliable one may be available * * *." Neil v. Biggers (1972),409 U.S. 188, 199.
In this matter, the police did not stage any line up or show up. They merely accompanied the victim as she searched for and found her assailant. Consequently, a motion to suppress the identification would have properly failed and the fact that counsel did not move to suppress was not error. The first prong of the Strickland test is not met. Accordingly, appellant's second assignment of error is found not well-taken.
The judgment of the Wood County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.
JUDGMENT AFFIRMED.
 George M. Glasser, J.
 Melvin L. Resnick, J.
 James R. Sherck, J.
CONCUR.